**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CARMEN RODRIGUEZ,** | Civ. No. 2:13-04006 (WJM) |
| Plaintiff, | |
| v. | **OPINION** |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| Defendant. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

      Plaintiff Carmen Rodriguez brings this action pursuant to 42 U.S.C. § 405(g) and 1383(c)(3), seeking review of a final determination by the Commissioner of Social Security (the "Commissioner") denying her application for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") Benefits. For the reasons that follow, the Commissioner's decision is **AFFIRMED**.

### I. LEGAL STANDARDS

#### A. The Five-Step Sequential Analysis

      Under the authority of the Social Security Act, the Social Security Administration has established a five-step evaluation process for determining whether a claimant is entitled to benefits. 20 C.F.R. §§ 404.1520, 416.920. In the first step, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the onset date of the alleged disability. *Id.* §§ 404.1520(b), 416.920(b). If not, the Commissioner moves to step two to determine if the claimant's alleged impairment, or combination of impairments, is "severe." *Id.* §§ 404.1520(c), 416.920(c). If the claimant has a severe impairment, the Commissioner inquires in step three as to whether the impairment meets or equals the criteria of any impairment found in the Listing of Impairments. 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A. If so, the claimant is automatically eligible to receive benefits (and the analysis ends); if not, the Commissioner moves on to step four. *Id.* §§ 404.1520(d), 416.920(d). In the fourth step, the Commissioner decides whether, despite any severe impairment, the claimant retains the Residual Functional Capacity ("RFC") to perform past relevant work. *Id.* §§ 404.1520(e)-(f), 416.920(e)-(f). The claimant bears the burden of proof at each of these first four steps. At step five, the burden shifts to the Social Security Administration to demonstrate that the claimant is capable of performing other jobs that exist in significant numbers in the national economy in light of the claimant's age,

education, work experience and RFC. 20 C.F.R. §§ 404.1520(g), 416.920(g); *see Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91-92 (3d Cir. 2007) (citations omitted).

### B. Standard of Review

For the purpose of this appeal, the court conducts a plenary review of the legal issues. *See Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). The factual findings of the ALJ are reviewed "only to determine whether the administrative record contains substantial evidence supporting the findings." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). Substantial evidence is "less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* When substantial evidence exists to support the ALJ's factual findings, this Court must abide by the ALJ's determinations. *See id.* (citing 42 U.S.C. § 405(g)).

## II. BACKGROUND

On May 11, 2010, Plaintiff filed applications for disability, DIB, and SSI. In these applications, Plaintiff alleged disability beginning April 1, 2008, due to depression, high blood pressure, and diabetes. These claims were denied initially on September 30, 2010 and upon reconsideration on March 14, 2011. Plaintiff subsequently filed a written request for hearing. The Plaintiff appeared and testified at a hearing held on February 7, 2012 before Administrative Law Judge Norman R. Zamboni (the "ALJ"). On February 22, 2012, the ALJ issued a decision denying Plaintiff's application on grounds that Plaintiff does not have a listing-level impairment and that Plaintiff's RFC is compatible with her past work as a clothing price tagger.

Plaintiff sought Appeals Council review, and on May 7, 2013, the Appeals Council concluded that there were no grounds for review. Plaintiff now brings the instant appeal, challenging the ALJ's determination that she was not disabled beginning April 1, 2008.

## III. DISCUSSION

Plaintiff challenges the ALJ's determination that she was "not disabled" on several grounds. Specifically, Plaintiff argues that the ALJ erred in finding that: (1) Plaintiff's impairments did not constitute a listing-level impairment, (2) Plaintiff retained the RFC to perform her past relevant work, and (3) a vocational expert was not necessary to assess Plaintiff's claims. Each of these challenges will be addressed in turn.

### A. The ALJ correctly determined that Plaintiff's conditions were not a listing-level impairment.

Plaintiff first argues that the ALJ failed to properly "compare the combined effect of all the [P]laintiff's impairments with one or more of the Commissioner's listings." (Pl's Br. at 10-11). Plaintiff contends that her "dual psychiatric impairments, major depression and adjustment disorder, [were] never combined for an analysis of medical equivalence." (Pl's Br. at 10). Specifically, Plaintiff believes that "a person whose activities of daily

2

living mandate the accompaniment of a family member merely to leave the home must presuppose a 'marked' restriction." (Pl's Br. at 15).

At step three, an ALJ must consider each of the claimant's individual conditions and determine whether they meet or equal any listed impairment. Where the claimant has "a combination of impairments, no one of which meets a listing ... [the ALJ] will compare [the claimant's] findings with those for closely analogous listed impairments." 20 C.F.R. § 404.1526(b)(3). For a combination of impairments to be medically equivalent to one in the listings, it must be "at least of equal medical significance." *Id.*

Plaintiff's assertion that the ALJ did not consider her impairments in combination is incorrect. The ALJ found that Plaintiff's impairments, considered singly and in combination do not meet the requirements of Listing 12.04. (Tr. at 18). "[W]here the ALJ has indicated that the impairments have been considered in combination, there is 'no reason not to believe' that the ALJ did so." *Gainey v. Astrue*, No. 10-1912, 2011 WL 1560865, at *12 (D.N.J. Apr. 25, 2011) (quoting *Morrison v. Comm'r of Soc. Sec.*, 268 F. App'x 186, 189 (3rd Cir. 2008)).

In addition, after reviewing the decision as a whole, the Court finds that the ALJ's development of the record and explanation of findings at step three is sufficient to allow for meaningful review, as required under *Burnett*. *See Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 120 (3d Cir. 2000). *Burnett* "does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). Instead, a reviewing court should look at the decision as a whole to determine whether the ALJ considered the appropriate factors. *Id.* Here, the ALJ's analysis of the medical evidence was comprehensive enough for meaningful review. The ALJ considered the medical evidence regarding Plaintiff's daily living activities, social functioning behaviors, and ability to concentrate, and determined that she suffers moderate difficulties in each. However, the ALJ determined that none of these difficulties, considered singly and in combination, meet or medically equal the criteria of listing 12.04. (Tr. at 18). This determination is also consistent with the "mild" characterization of Plaintiff's depression by her own doctors. (Tr. at 329, 330, 336, 355). The ALJ also noted that Plaintiff experienced no episodes of decompensation. (Tr. at 18). Therefore, given that Plaintiff's mental impairments do not cause at least two "marked" limitations or one "marked" limitation and "repeated" episodes of decompensation, the ALJ properly determined that the "Paragraph B" criteria were not satisfied.

Finally, Plaintiff challenges the ALJ's decision on the grounds that he failed to discuss the "A" or "C" criteria of Section 12.04. (Pl's Br. at 12-13). In order to meet the required level of severity, Plaintiff must satisfy both the "A" and "B" criteria. Because the ALJ decided that Plaintiff's impairments do not cause two marked restrictions under Criteria "B," Plaintiff could not meet the severity of Listing 12.04, regardless of whether she satisfied the "A" criteria. *See e.g.*, *Nace v. Astrue*, No. 10-421, 2011 WL 4055205, at *3 (W.D. Pa. 2011). The ALJ therefore did not need to discuss the "A" criteria. And the ALJ correctly determined, based on Dr. Joan Joynson's psychiatric review, that the

evidence failed to establish the presence of the "Paragraph C" criteria. (Tr. at 18). Specifically, Dr. Joynson determined that because Plaintiff failed to demonstrate (1) repeated episodes of decompensation, (2) residual disease process, or (3) a history of an inability to function outside a highly supportive living arrangement." There was thus, insufficient evidence to establish the presence of "C" criteria. (*Id.*). Accordingly, Plaintiff failed to meet her burden of presenting evidence demonstrating a listing-level impairment, and the substantial evidence supports the ALJ's findings at step three.

### B. The ALJ correctly determined that Plaintiff retained the RFC to perform her past work.

Plaintiff makes two primary arguments at step four. First, Plaintiff alleges that the ALJ failed to properly adequately consider her ailments in making his RFC assessment. Second, Plaintiff argues that the ALJ failed to properly evaluate the requirements of her past work. The Court disagrees.

#### 1. The substantial evidence supports the ALJ's RFC determination.

At step four, an ALJ must determine whether the claimant has the RFC to perform the requirements of her past relevant work. 20 C.F.R. § 404.1520(f). An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. § 404.1545. In making this finding, the ALJ must consider all of the claimant's impairments, including non-severe impairments. 20 C.F.R. §§ 404.1520(e), 404.1545.

Here, the ALJ found that there was considerable evidence demonstrating that Plaintiff did not have any significant non-exertional limitations and retained the RFC for simple, repetitive work tasks. In making his decision, the ALJ weighed the evidence provided by the state consultants against the testimony provided by Plaintiff. The ALJ based his decision on the fact that the alleged intensity of Plaintiff's symptoms was inconsistent with the medical evidence. (Tr. at 20). Substantial evidence supports the ALJ's RFC assessment. First, Dr. Joynson reviewed Plaintiff's record with the psychiatric consultative examiner and concluded that her behavior was inconsistent with the medical evidence from Raritan Bay Medical Center. (Tr. at 292). Despite the "major depression" diagnosis made at Raritan Bay, Dr. Joynson determined that the psychiatric evaluation indicated mild depression, which is consistent with the body of evidence at Raritan Bay. (Tr. at 206, 292). Second, Dr. Joynson opined that Plaintiff had the RFC to sustain adequate concentration, persistence and pace for simple work, which Dr. Michael D'Adamo affirmed. (Tr. at 292, 343). Finally, state consultant Dr. Mark Jacknin, concluded that Plaintiff's physical conditions, specifically hypertension and diabetes, were not severe ailments. (Tr. at 270).

Plaintiff argues that the limitations found to be "moderate" as part of the psychiatric review technique should have been part of the RFC finding. Plaintiff is incorrect. The ALJ is not required to assess the psychiatric review technique findings in his RFC analysis.

4

*See Norwood v. Astrue*, No. 07-4658, 2008 WL 4837489, at *18 (D.N.J. Nov. 3, 2008) (discussing that the psychiatric review is not relevant to the RFC determination). Plaintiff's assertion that the ALJ erred by failing to consider the fact that she was also suffering from osteoporosis, hypertension, and diabetes when making his decision is also incorrect. (Pl's Br. at 18). First, Plaintiff did not list osteoporosis as a reason for her inability to work and failed to provide any medical evidence of physical limitations resulting from it.[1] (Tr. at 150); *see also Capoferri v. Harris*, 501 F. Supp. 32, 36 (E.D. Pa. 1989), *aff'd*, 649 F.2d 858 (3d Cir. 1981) ("The presence of a disease does not establish disability…the applicant must also present evidence that his impairment rendered him unable to engage in any substantial gainful employment."). Second, Plaintiff does not present medical evidence that establishes her diabetes and hypertension as being debilitating conditions. (Tr. at 297). Additionally, Dr. Jacknin determined that Plaintiff's alleged impairment of hypertension and diabetes, with no evidence of organ damage, was not severe. (Tr. at 270). Finally, the ALJ determined that Plaintiff's allegation of medical disability is undermined by the fact that, at the hearing, Plaintiff testified that she stopped working because she was laid off from her job.[2] (Tr. at 21).

### 2. The ALJ correctly determined that Plaintiff's RFC was consistent with the requirements of her past work.

Plaintiff next argues that the ALJ failed to properly evaluate the requirements of her past work. After determining Plaintiff's RFC, the ALJ must decide whether Plaintiff retains the RFC to perform her past work. There are three possible tests for determining whether a claimant retains the capacity to perform his or her past relevant work: (1) "whether the claimant retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job," (2) "whether the claimant retains the capacity to perform the particular functional demands and job duties particular to an individual job as he or she actually performs it," and (3) "whether the claimant retains the capacity to perform the functional demands and job duties of the job ordinarily required by employers throughout the national economy." *Rivera v. Barnhart*, 239 F. Supp. 2d 413, 419-20 (D. Del. 2002) (citing SSR 82-61).

Here, the ALJ utilized the second test in making his determination that Plaintiff could perform her past relevant work as a clothing price tagger. (Tr. at 22). Specifically, the ALJ relied on Plaintiff's own testimony about the functional demands of her past work. (*Id.*) Plaintiff testified that her past work required her to stand eight hours and lift boxes weighing at most twenty pounds, but more frequently weighing less than ten pounds. (Tr. at 152, 157-58). Plaintiff was not required to type, handle small objects, or use machines or equipment. (Tr. at 152). Plaintiff's description of her job is consistent with the ALJ's

---

[1] Plaintiff lists depression, high blood pressure, and diabetes as the medical conditions that limit her ability to work. (Tr. at 150).
[2] This fact tends to indicate the claimant's medically documented impairments are not the main reason for her lack of work. The ALJ also noted she was extremely vague when describing her symptoms and her activities of daily living, which also undermines the credibility of her allegation. (Tr. at 21).

5

finding that Plaintiff could perform the full range of simple and unskilled work. Because Plaintiff retained the capacity to perform her past relevant work as she actually performed it, the ALJ correctly concluded that Plaintiff was not disabled. *See* SSR 82-61 ("Where the evidence shows that a claimant retains the RFC to perform the functional demands and job duties of a particular past relevant job as he or she actually performed it, the claimant should be found 'not disabled.'").

### C. The ALJ was not required to obtain vocational expert testimony.

Finally, Plaintiff argues that a vocational expert was necessary to determine whether she could still perform her past work as a clothing price tagger at step four. This Court disagrees. Because substantial evidence supports the ALJ's decision that Plaintiff retained the RFC to perform her past work, a vocational expert was not necessary. *See Rivera*, 239 F. Supp. 2d at 420 (holding that a vocational expert is not needed when there is sufficient evidence supporting the ALJ's conclusion that a claimant is able to perform past relevant work). Furthermore, Plaintiff's argument that a vocational expert should have been obtained at step five is unavailing. Because the ALJ's step four determination that Plaintiff could return to her previous work is supported by substantial evidence, neither a step five analysis, nor vocational expert at step five, were required. *See e.g.*, *id.* at 420-21.

### IV. CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 31, 2014**